IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Marie Josee Asmath, | ) | Cr. No. 9:01-759-MBS |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Movant Marie Asmath is an inmate in custody of the Bureau of Prisons. She seeks to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

On December 12, 2001, a federal grand jury returned a two-count indictment, charging Movant with conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A) (Count 1); and possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1),(b)(1)(A) (Count 2). On August 12, 2002, Movant proffered a guilty plea as to Count 1, ECF No. 66, and the government dismissed Count 2 pursuant to the terms of the plea agreement.

The United States Probation Office (USPO) prepared a presentence investigation report (PSR), which noted that Movant has two felony convictions in Florida for aggravated assault and aggravated battery. Movant's criminal history score was four, to which two points were added because Movant committed the federal drug offenses while on probation for a January 1998 conviction. Movant's criminal history category was III. Also, because Movant has two prior felony convictions involving a crime of violence or a controlled substance offense, her criminal history category was deemed to be VI. *See* U.S.S.G. § 4B1.1.

The PSR attributed 422 grams of cocaine base to Movant, for a base offense level of 34. Because Movant was considered to be a career offender, she received an adjusted offense level of 37. The PSR credited Movant with an adjustment for acceptance of responsibility, and Movant's adjusted offense level was reduced three levels to a total offense level of 34. Movant's guidelines range was 262 to 327 months of imprisonment. On January 14, 2003, the court sentenced Movant to incarceration for a period of 262 months. The court also sentenced Movant to a period of five years of supervised release. The court entered judgment on January 21, 2003, ECF No. 70, and the Court of Appeals for the Fourth Circuit affirmed. *United States v. Asmath*, 71 F. App'x 984 (4th Cir. 2003). On June 4, 2012, Movant filed a § 2255 motion, ECF No. 116, which the court denied on December 20, 2012, ECF No. 133.

Upon authorization by the Fourth Circuit, Movant filed through her attorney a successive § 2255 motion ("§ 2255 Motion") on June 27, 2016. ECF No. 157. In the motion, Movant seeks the benefit of *Johnson v. United States*, 576 U.S. ----, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague.[1] She argues that *Johnson* applies with equal force to the United States Sentencing Guidelines under which she was sentenced, and that her prior conviction for aggravated battery does not qualify as a predicate offense under the "residual clause" of U.S.S.G. § 4B1.2(a)(2).

On July 11, 2016, the Government filed a motion to stay the matter pending a ruling in *Beckles v. United States*, 580 U.S. ----, 137 S. Ct. 886, 890 (2017). ECF No. 161. The court granted the motion and stayed briefing on the § 2255 motion. ECF No. 162. The Supreme Court

---

[1] The Supreme Court made *Johnson* retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

issued a decision in *Beckles* on March 6, 2017.  The court thereafter lifted the stay.  ECF No. 163.  On May 25, 2017, Movant filed *pro se* a motion seeking leave to file a second successive § 2255 motion, or to supplement the pending § 2255 Motion, to argue the applicability of *Mathis v. United States*, 136 S. Ct. 2243 (2016) ("Motion for Leave").  ECF No. 164.  On June 21, 2017, the Government filed a motion to dismiss the § 2255 Motion and a memorandum in support of the motion.  ECF Nos. 165, 165-1.  On July 21, 2017, Movant through her attorney asked the court to stay the § 2255 Motion pending a decision by the Fourth Circuit in *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017).  ECF No. 167.  The court granted the motion and again stayed briefing.  ECF No. 168.

The Fourth Circuit issued a decision in *Brown* on August 21, 2017, and this court lifted the stay on January 29, 2018.  ECF No. 171.  Movant soon thereafter asked the court to stay the briefing schedule pending decision by the United States Supreme Court to accept or deny the petition for writ of certiorari filed in *Brown*.  ECF No. 172.  The court granted the motion and stayed briefing.  ECF No. 174.  The Supreme Court denied the petition for writ of certiorari on October 15, 2018.  *Brown v. United States*, 139 S. Ct. 14 (2018).  On November 13, 2018, the court lifted the stay in this matter and ordered Movant to file a response to the motion to dismiss, if at all, on or before November 26, 2018.  ECF No. 178.  Movant did not file a response.  For the reasons discussed below, the § 2255 motions are denied and the motion to dismiss is granted.

## II. DISCUSSION

**A.  Legal Standard**

A federal prisoner in custody may challenge the fact or length of her detention by filing a motion pursuant to 28 U.S.C. § 2255.  To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that her sentence was imposed in violation of the

Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); *see* Rule 4(b), Rules Governing Section 2255 Proceedings. Generally, when a movant attacks her sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which she complains or she must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).

A movant must file a § 2255 motion one year from the latest of: 1) the date on which a judgment of conviction becomes final; 2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; 3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Additionally, a movant may not file a second or successive motion under § 2255 without first receiving certification by a panel of the appropriate court of appeals that it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**B.     Analysis**

Movant seeks a correction of her sentence on the basis that the Supreme Court has newly recognized a right and made that right retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court addressed the Armed Career Criminal Act of 1984 ("ACCA"), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In *Johnson*, the Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. §4B1.2(a). As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

In *Beckles*, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a), and that the Guidelines' residual clause was unconstitutionally vague under *Johnson*. The Court found, however, that:

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 137 S. Ct. at 893.

The *Beckles* court repeatedly distinguished between the advisory nature of the Sentencing Guidelines subsequent to *United States v. Booker*, 543 U.S. 220 (2005), and the mandatory nature of the Guidelines prior to *Booker*, and declined to address the question of whether pre-

*Booker* sentences can be challenged as unconstitutionally vague. *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).

Movant was sentenced in 2003 pursuant to the mandatory guidelines scheme pre-*Booker*. At the time Movant filed the § 2255 Motion, the question was whether a result different from *Beckles* appertains when *Johnson* is applied to the pre-*Booker* sentencing guidelines. However, since the filing of the § 2255 Motion, the Fourth Circuit has addressed this question. In *United States v. Brown*, the Fourth Circuit observed that the Supreme Court's ruling in *Beckles* foreclosed the defendant's argument that *Johnson* "explicitly invalidated all residual clauses with wording similar to [the] ACCA's invalidated residual clause." 868 F.3d 297, 300 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 14 (2018).[2] The Fourth Circuit determined that the right recognized in *Johnson* and made retroactive by *Welch* applied only to the ACCA's residual clause. The Fourth Circuit explained:

> *Johnson* only recognized that [the] ACCA's residual clause was unconstitutionally vague[;] it did not touch upon the residual clause at issue here. Likewise, *Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. In a future case, the Supreme Court may agree with an argument similar to [Brown's] that because the challenged residual clause looks like [the] ACCA and operates like [the] ACCA, it is void for vagueness like [the] ACCA.

*Brown*, 868 F.3d at 303 (internal citations omitted).

Movant was sentenced under § 4B1.2(a)(2), not the ACCA. Accordingly, the court is constrained by the holdings in *Beckles* and *Brown* to conclude that Movant's § 2255 claim under *Johnson* is without merit.

---

[2] In dissenting from the denial of certiorari, Justice Sotomayor, with whom Justice Ginsburg joined, noted that the issue raised in *Brown* has left the Courts of Appeals divided, with three courts holding that *Johnson* does not apply to § 4B1.2(a)(2) and one court holding that it does.

The court must also deny the Motion for Leave. To the extent the motion constitutes a successive motion under § 2255, this court cannot act unless and until Movant receives authority from the appropriate court of appeals to file such a motion. 28 U.S.C. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 205-07 (4th Cir. 2003). To the extent the motion constitutes a request for leave to file a successive motion, such request must be presented to the appropriate court of appeals. *Id.*[3]

### III. CONCLUSION

For these reasons, the Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 157, is **DENIED**. The Motion to Dismiss, ECF No. 165, is **GRANTED**. The second § 2255 motion asking for relief under *Mathis*, ECF No. 164, is **DENIED**.

---

[3] To the extent Movant seeks relief under § 2255 based on *Mathis*, the court notes that the Supreme Court stated in *Mathis* that it was not announcing a new rule, but rather rendering a decision dictated by decades of prior precedent. *Mathis*, 136 S. Ct. at 2251, 2257. Courts applying *Mathis*, including this court, agree that the decision does not announce a new rule of law applicable retroactively on collateral review. *See, e.g., Washington v. United States*, Cr. No. 5:11-636, 2017 WL 3605231, at *3 (D.S.C. Aug. 18, 2017) (concluding that the *Mathis* Court "reflects statutory interpretation that reiterated an existing legal principle," and noting additionally that the holding in *Mathis* did not apply to defendant because he "received an enhanced sentence based on his prior controlled substance convictions, and not because of any conviction considered to be a violent felony under the ACCA."); *Dawkins v. United States*, 829 F. 3d 549, 551 (7th Cir. 2016) (holding *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court). *But see United States v. Lewis*, 904 F.3d 867, 872-73 (10th Cir. 2018) (holding that the applicability of *Mathis* "depends on the stage of *Johnson* review that the court is undertaking," and explaining that *Mathis* applies during the harmless error analysis only after a *Johnson* error is established).

# CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
May 24, 2019